[Cite as *State v. Perry*, 2015-Ohio-304.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   101141

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VAUGHN PERRY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-577105-A

**BEFORE:**   Keough, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    January 29, 2015

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
9442 State Route 43
Streetsboro, Ohio 44241

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kevin R. Filiatraut
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Vaughn Perry, appeals the trial court's decision denying his oral motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm.

{¶2} In August 2013, Perry was indicted for the murder of Maurice Jackson. The indictment charged Perry with one count each of aggravated murder and murder, and two counts of felonious assault. Following discovery, Perry pleaded guilty to murder, as charged in Count 2. All other charges were dismissed. At sentencing, Perry orally moved to withdraw his guilty plea. After hearing arguments from both the parties, the trial court denied the motion to withdraw and sentenced Perry to 15 years to life in prison.

{¶3} Perry now appeals raising two assignments of error.

I. Motion to Withdraw Guilty Plea

{¶4} In his first assignment of error, Perry contends that the trial court erred when it denied his motion to withdraw his guilty plea. Specifically, he claims that the trial court failed to consider his profession of innocence, the timeliness of his motion, and the judicial standard that such motions should be liberally granted.

{¶5} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶6} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id*. at paragraph one of the syllabus.

**{¶7}** The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id*. at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id*. at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus. This court has also set forth additional factors to consider, including that (1) the motion was made in a reasonable time; (2) the motion stated specific reasons for withdrawal; (3) the record shows that the defendant understood the nature of the charges and possible penalties; and (4) the defendant had evidence of a plausible defense. *State v. Pannell*, 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956, ¶ 13, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677.

**{¶8}** In applying these factors, we find that the trial court did not abuse its discretion in denying Perry's motion to withdraw his guilty plea. Perry was represented by three attorneys, and when he entered his plea, Perry stated he was "extremely" satisfied with their representation.

**{¶9}** The record shows that Perry received a full Crim.R. 11 hearing at which he unequivocally stated he wanted to enter into the plea. In fact, three days prior to accepting the plea agreement, the trial court and Perry had an extensive conversation regarding whether Perry wanted to take a plea or go to trial. Following the discussion, Perry stated he wanted to speak

with his mother about his case.  On the day of the plea hearing, Perry stated that he had the opportunity to speak with his mother, and that he wanted to take the plea.  Thereafter, the trial court engaged in the requisite and complete Crim.R. 11 colloquy, which included Perry's confirmation that no threats or promises were made to induce him into pleading guilty to the murder charge.

{¶10} The record further shows that the trial court held a complete hearing on Perry's motion to withdraw his guilty plea, and that the trial court gave a full and fair consideration of his motion.  On the day of sentencing and against the advice of his attorneys, Perry orally moved to withdraw his plea contending that he had been under a lot of stress before the plea, and he was promised a life sentence if he did not take the plea agreement.  He further stated that he was "reminded of some evidence," insinuating that he wanted to go to trial to present a defense of self-defense because he did not feel he was "guilty of murder."

{¶11}   One of Perry's defense attorneys advised the court that all the sentencing possibilities and possible defenses were discussed with Perry prior to him entering into his plea.  Additionally, after Perry's attorneys were made aware of his desire to withdraw his plea, his attorneys again explained to him why self-defense would not be a successful defense.  Based on that conversation and the facts and evidence of the case, Perry's attorneys felt it was not in Perry's best interest to file the requested motion to withdraw his plea.

{¶12}   After hearing all the arguments, the trial court denied Perry's motion, noting that both the competency and sanity evaluations determined that Perry did not suffer from any mental disease or defect that would prevent him from understanding the nature of the charges or the objectives and proceedings against him.  Further, the evaluations determined that he was able to

assist in his defense. The court also noted the two lengthy conversations on the record regarding Perry's decision and desire to enter into the plea agreement.

{¶13} Based on Perry's arguments in support of his motion to withdraw his plea and the record before this court, Perry has set forth no legitimate basis for the withdrawal of his plea. The record supports the conclusion that Perry's decision to plead guilty to murder was voluntarily, knowingly, and intelligently made. Accordingly, we find that the court acted within its discretion when it denied Perry's motion. The first assignment of error is overruled.

## II. Ineffective Assistance of Counsel

{¶14} The record shows that prior to sentencing Perry expressed to his attorneys his desire to withdraw his plea. After meeting with him, Perry's attorneys felt that despite his request and considering all the evidence, it was not in Perry's best interest to file a motion to withdraw his plea. In his second assignment of error, Perry contends that his trial counsel was ineffective for failing to file a written motion to withdraw guilty plea.

{¶15} We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that he was prejudiced by the lawyer's deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph one of the syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. *Id*. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. *State v. Sallie*, 81 Ohio St.3d 673, 693 N.E.2d 267 (1998).

{¶16} A defendant receives ineffective assistance of counsel when his trial counsel "fails to act on his request to withdraw his plea when the possibility that he would have been allowed to withdraw his plea is not insubstantial." *State v. Strutton*, 62 Ohio App.3d 248, 252, 575 N.E.2d 466 (2d Dist.1988). This court has found trial counsel not ineffective when the defendant does not set forth a "reasonable or legitimate basis for the withdrawal of his plea." *State v. Jones*, 8th Dist. Cuyahoga Nos. 68284, 68285, 68286, 68287, 68288, 1995 Ohio App. LEXIS 3463, *19 (Aug. 24, 1995); *State v. Drake*, 8th Dist. Cuyahoga No. 93761, 2010-Ohio-1065, ¶ 16 (counsel not ineffective for failing to file motion to withdraw because defendant could not demonstrate prejudice). *See also State v. Carr*, 10th Dist. Franklin No. 01AP-849, 2002-Ohio-1314 (counsel not ineffective for failing to abide by client's request to file a motion to withdraw plea because counsel was acting in client's best interest by refusing to request vacating a reasonable plea bargain given the evidence).

{¶17} In *State v. Jones*, 2d Dist. Clark No.98-CA-16, 1994 Ohio App. LEXIS 5226 (Oct. 24, 1994), the Second District held that counsel was not ineffective for stating to the court that withdrawal of the plea was not in his client's best interest. The court concluded that the defendant was not prejudiced by counsel's alleged passive representation because the defendant failed to provide a legitimate reason to permit a withdrawal of his plea. The court also noted that even where some criminal defendants have been required to present their withdrawal motions without the benefit of counsel, courts have not found a Sixth Amendment violation. *Id.* at *8, citing *State v. Shufflebean*,4th Dist. Athens No. 97 CA 40, 1998 Ohio App. LEXIS 2766 (June 18, 1998).

{¶18} In this case and much like the cases cited, Perry's reasons for withdrawing his plea were neither legitimate nor served as a reasonable basis for the withdrawal of his plea. The

record clearly demonstrates that Perry was not pressured into entering into the plea agreement because the trial court continued the case for Perry to discuss the case with his mother. Perry stated that no promises or threats were made to induce him to accept the plea. Furthermore, Perry was fully and completely apprised of the maximum penalties he faced. Finally, trial counsel stated that they discussed with Perry that self-defense was problematic. The state maintained that a self-defense instruction was not possible based on the evidence of the case. Therefore, we find that counsel's performance in failing to file the requested motion to withdraw Perry's guilty plea was not deficient.

{¶19} Even if we found that counsel's performance was deficient, Perry could not satisfy his burden of proving that there is a reasonable probability that the outcome could have been different had his attorneys filed the motion to withdraw. The trial court afforded Perry the opportunity to argue his oral motion and state the basis for his request, even without a written motion to withdraw his plea. As previously stated, the trial court conducted a hearing on the oral motion to withdraw the plea and gave full and fair consideration to Perry's arguments prior to denying his motion.

{¶20} Accordingly, Perry's second assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR