[Cite as *State v. McKinney*, 2020-Ohio-4721.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TERRANCE MCKINNEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0042**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 17-CR-1285(A)

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains,* Mahoning County Prosecutor, *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. Atty. Megan Patituce and Atty. Kimberly Kendall Corral*, Patituce & Associates, 16855 Foltz Industrial Parkway, Strongsville, Ohio 44149, for Defendant-Appellant.

Dated:
September 28, 2020

**Donofrio, J.**

{¶1}     Defendant-appellant, Terrance McKinney, appeals his conviction in the Mahoning County Common Pleas Court following a guilty plea for one count of discharging a firearm on or near a prohibited premises.

{¶2}     A Mahoning County Grand Jury indicted appellant and a co-defendant on six counts.  Three counts applied to appellant: Count Two for discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3)(C)(4), a first-degree felony with a repeat violent offender specification pursuant to R.C. 2941.149; Count Four for felonious assault in violation of R.C. 2903.11(B)(1)(D), a second-degree felony with a firearm specification pursuant to R.C. 2941.145; and Count Six for having weapons under disability in violation of R.C. 2923.13(A)(3)(B), a third-degree felony with a firearm specification pursuant to R.C. 2941.145.  Appellant pled not guilty on all counts.

{¶3}     Eventually, appellant accepted a plea agreement from plaintiff-appellee, the State of Ohio.  The state agreed to dismiss Count Four, dismiss the repeat violent offender specification on Count Two, and recommend a sentence of ten years of incarceration.  In exchange, appellant agreed to plead guilty to Counts Two and Six.  The trial court accepted appellant's guilty plea and scheduled a sentencing hearing for a later date.

{¶4}     After appellant pled guilty but prior to sentencing, the state dismissed Count Six because the indictment was missing material language pertaining to this count.  This left appellant only being convicted of and sentenced on Count Two.

{¶5}     Approximately eight days after appellant pled guilty, he filed a pro se motion indicating he wanted to withdraw his guilty plea.  Appellant's counsel subsequently filed a motion to withdraw the guilty plea arguing appellant was innocent and his plea was not freely or voluntarily entered into because it was motivated by fear and panic.

{¶6}     The trial court held a hearing on appellant's motion to withdraw.  Appellant made two arguments in support of his motion.  First, he argued that he was innocent because he was shot at first and only fired in self-defense.  Second, he argued that he

did not know he pled guilty to a first-degree felony. The state argued that video evidence showed appellant discharging a firearm outside of a bar. The state also argued that appellant admitted in jail house phone calls that he was in the wrong. The trial court noted that the original indictment charged appellant with a first-degree felony. The trial court took the issue under advisement and did not immediately issue a ruling.

{¶7} The state filed a post-hearing memorandum contra to appellant's motion to withdraw his plea. The state argued that it would be prejudiced by appellant withdrawing his plea because it halted all trial preparation and released its witnesses, appellant was represented by competent counsel, the trial court gave appellant a full hearing to discuss the terms of the plea agreement, and appellant's motion was merely a change of heart.

{¶8} The trial court overruled appellant's motion to withdraw the guilty plea. The trial court held that, based on the evidence provided, appellant's motion could only be viewed as a change of heart which was an insufficient basis to withdraw a plea.

{¶9} The trial court then held appellant's sentencing hearing. Appellant renewed his motion to withdraw the plea but the trial court denied the motion. After hearing arguments, the trial court sentenced appellant to ten years of incarceration.

{¶10} Appellant timely filed this appeal on April 5, 2019. Appellant now raises one assignment of error.

{¶11} Appellant's sole assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION DENYING THE APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

{¶12} Appellant argues that there are numerous factors supporting withdrawal of his guilty plea but they all center on the arguments that he was not properly informed of the charges, not properly informed of his potential penalty, and actual innocence.

{¶13} Appellant filed his motion prior to sentencing. A presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Ocel*, 7th Dist. Jefferson No. 08 JE 22, 2009-Ohio-2633, ¶ 21, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). But the Ohio Supreme Court has also recognized that a "defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.*

Therefore, the trial court must conduct a hearing on the motion to decide if there is a reasonable and legitimate basis for it." *Id.*

**{¶14}** "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Ocel* at ¶ 22, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1997), paragraph two of the syllabus. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶15}** When determining whether a trial court abused its discretion in denying a presentence motion to withdraw a plea, this court looks to nine factors. Those factors are:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13 citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

**{¶16}** No one factor is conclusive for the determination of whether the trial court should have granted the motion to withdraw. *State v. Morris*, 7th Dist. Mahoning No. 13 MA 19, 2014-Ohio-882, ¶ 22.

**{¶17}** Beginning with prejudice to the state, the state conceded at oral argument that it would not experience prejudice by appellant withdrawing his plea. Therefore, this factor weighs in appellant's favor.

**{¶18}** Addressing the representation afforded to appellant by counsel, appellant cites *State v. Perry*, 8th Dist. Cuyahoga No. 101141, 2015-Ohio-304. In *Perry*, the Eighth District overruled Perry's presentence motion to withdraw a guilty plea, in part, because one of Perry's defense attorneys "advised the court that all the sentencing possibilities and possible defenses were discussed with Perry prior to him entering into his plea." *Id.* at ¶ 11. Additionally, when Perry informed his attorneys he wanted to withdraw his plea and assert an affirmative defense, his attorneys explained to him why the affirmative defense would not be successful. *Id.* Perry also stated he was "extremely" satisfied with his attorneys' representation. *Id.* at ¶ 8. Appellant argues here that because there is no showing of his counsel's actions and advice on the record like in *Perry*, his representation was inadequate.

**{¶19}** The state counters that appellant's trial counsel negotiated a favorable plea agreement. Appellant faced the following potential prison terms on each count: 11 years for discharging a firearm on or near a prohibited premises pursuant to R.C. 2929.14(A)(1)(b), eight years for felonious assault pursuant to R.C. 2929.14(B)(2)(b), 36 months for having a weapon while under a disability pursuant to R.C. 2929.14(C)(3)(b), an additional three years for the firearm specification pursuant to R.C. 2941.145(A)(1), and an additional ten years for the repeat violent offender specification pursuant to R.C. 2929.14(B)(2)(b). If sentenced consecutively, appellant faced a total prison term of 35 years. But through plea negotiations, the state dismissed the felonious assault charge, dismissed the repeat violent offender specification, and recommended a sentence of 10 years.

**{¶20}** Moreover, at his change of plea hearing, appellant stated that he was "completely satisfied" with the representation and advice he received from his trial counsel. (Plea Tr. 5). Based on the above, the representation afforded to appellant by counsel was adequate and this factor weighs in the state's favor.

**{¶21}** Addressing the extent of the Crim.R. 11 plea hearing, appellant argues it was inadequate because the trial court did not explain the elements of the offenses the state would have to prove, the trial court did not cite the Revised Code section appellant was charged with violating, and the trial court did not inform appellant that he was pleading guilty to a first-degree felony.

{¶22} At the change of plea hearing, the state informed the trial court that appellant was pleading guilty to discharging a firearm on or near a prohibited premises which is a first-degree felony. The trial court informed appellant "improperly discharging a firearm carries a maximum term of 11 years and with [sic] a maximum fine of $20,000." (Plea Tr. 8). The trial court informed appellant that he would not be sentenced beyond the state's recommendation of ten years. Appellant stated that he understood the elements the state would have to prove if the matter went to trial.

{¶23} While the trial court did not specifically recite the elements of the offense, the Eighth District has held that the failure to recite the elements of the offense during a change of plea hearing does not constitute prejudicial error. *State v. Turner*, 8th Dist. Cuyahoga No. 80317, 2002-Ohio-3774, ¶ 52. As to appellant's argument that the trial court did not recite the specific Revised Code sections of the offenses, not only are the Revised Code sections for all offenses contained in the indictment, there is no indication that appellant would not have pled guilty had the trial court recited the specific sections.

{¶24} The trial court advised appellant that by pleading guilty, appellant was waiving his rights to: a jury trial, require the state to prove his guilt beyond a reasonable doubt, cross-examine the state's witnesses, subpoena witnesses on his behalf, and remain silent. The trial court also informed appellant of the nature of the charges, the maximum penalty involved, that appellant was not eligible for probation or the imposition of community control, and the effect of the guilty plea. Based on the above, appellant had a sufficient Crim.R. 11 hearing and this element weighs in the state's favor.

{¶25} Addressing whether appellant understood the nature of the charges and potential sentence, appellant argues that he did not fully understand the nature of the charges because the trial court did not notify him of the Revised Code section for discharging a firearm on or near a prohibited premises or the elements of said offense. For reasons previously stated, the trial court was not required to inform appellant of the elements of the offenses.

{¶26} The state recited at the beginning of the change of plea hearing that appellant was charged with, among other things, discharging a weapon on or near a prohibited premises. The state also informed the trial court that appellant agreed to plead guilty to discharging a weapon on or near a prohibited premises. The trial court asked

appellant if he understood the charge of discharging a weapon on or near a prohibited premises, to which appellant responded yes. The trial court also informed appellant that discharging a weapon on or near a prohibited premises was punishable by up to 11 years of incarceration and appellant said he understood this sentence.

{¶27} While the specific Revised Code section for this charge was not stated at the change of plea hearing, there is no indication that mentioning the Revised Code section would have had any effect on appellant's guilty plea. The record shows that appellant knew the nature of the charge and that it was punishable by up to 11 years of incarceration. Based on the above, appellant understood the charges and his potential sentence and this element weighs in the state's favor.

{¶28} Addressing the extent on the hearing on the motion to withdraw, appellant makes two arguments. First, he argues the hearing was inadequate because his attorney made no arguments on his behalf. Second, he argues that the trial court failed to inquire fully as to the reasons why appellant wanted to withdraw his plea. At the hearing, appellant stated he wanted to withdraw his plea "partly because I'm innocent." (Withdraw Tr. 5). He contends the trial court should have asked him what his other reason was for wanting to withdraw his plea.

{¶29} As to appellant's counsel not arguing on appellant's behalf, the record shows that counsel said very little at the hearing. But this does not affect whether the trial court conducted a sufficient hearing on appellant's motion. The trial court permitted both appellant and the state to make arguments regarding appellant's motion. Appellant was able to explain his two reasons for wanting to withdraw his plea at the hearing: actual innocence and he pled to a first-degree felony by surprise.

{¶30} As to the innocence claim, the state argued appellant was not innocent because there was a video of appellant discharging a firearm on or near a prohibited premises. The state also cited numerous jail house phone calls where appellant supposedly admitted that "he's in the wrong, he was being brash, he was being bold, he wasn't thinking straight." (Withdraw Tr. 18). As to the surprise first-degree felony argument, the trial court noted that the indictment stated discharging a firearm on or near a prohibited premises is a first-degree felony.

Case No. 19 MA 0042

**{¶31}** As to appellant's second argument that the trial court did not inquire into additional reasons for appellant's motion, the trial court concluded the hearing by asking appellant if there was anything he wanted to add. Appellant responded "I'm innocent. That's it, Your Honor." (Withdraw Tr. 19). Thus, the trial court gave appellant the opportunity to make any other arguments before concluding the hearing. Based on the above, appellant had an adequate hearing on his motion and this element weighs in the state's favor.

**{¶32}** Addressing whether the trial court gave full and fair consideration to the motion, appellant only argues that the trial court did not fairly consider his motion. Specifically, appellant takes issue with the trial court's ruling that the state would be prejudiced by withdrawing his plea. He argues that by holding the state has an interest in preserving guilty pleas, this factor is essentially rendered meaningless.

**{¶33}** The trial court held that the state would experience prejudice by appellant withdrawing his plea because the state halted its investigation and trial preparation, which meant that it released its witnesses, and the state has an interest in preserving guilty pleas. Thus, the state's interest in preserving guilty pleas was only part of the showing for the prejudice to the state factor. While the state conceded at oral argument that it would not be prejudiced by appellant withdrawing his plea, the trial court's ruling that the state would experience prejudice was based, in part, on the state's argument that it had halted all trial preparation and released its witnesses. Additionally, the trial court's February 20, 2019 judgment entry shows that it engaged in a very detailed *Fish* analysis. Based on the above, the trial court gave the motion full and fair consideration and this factor weighs in the state's favor.

**{¶34}** Addressing the timing of the motion, the trial court held and the state concedes that appellant's motion was timely. Therefore, this factor weighs in appellant's favor.

**{¶35}** Addressing the reasons for the motion, appellant appears to argue that because he set forth specific reasons in his motion to withdraw his guilty plea, this factor weighs in his favor. In support of his argument, appellant cites *State v. Caballero*, 10th Dist. Franklin No. 15AP-1132, 2016-Ohio-5496. In *Caballero,* the Tenth District held that because Caballero continually cited the same three specific reasons for wanting to

withdraw his guilty plea, the factor of "specific reasons for withdrawal" was satisfied. *Id.* at ¶ 21. *Caballero* is distinguishable because the Tenth District was considering "whether the motion set forth specific reasons for the withdrawal[.]" *Id.* at ¶ 13. On the other hand, this court is considering "the reasons for the motion" and makes no reference to specificity.

**{¶36}** As previously stated, appellant argued at the hearing on his motion that he was innocent and he claimed to not know that he was pleading guilty to a first-degree felony. Appellant provided no evidence that he was innocent. A claim of innocence by itself does not provide a reasonable basis for withdrawing a plea, otherwise withdrawal would effectively become an automatic right. *State v. Magby*, 7th Dist. Mahoning No. 17 MA 0006, 2019-Ohio-877, ¶ 44 citing *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515 (11th Dist.). Appellant made no argument at the hearing that his plea was driven by fear or panic.

**{¶37}** Appellant also argued at his hearing that he pled to a first-degree felony by surprise. The basis of this argument is a printout of an online docket dated January 9, 2018 that indicates discharging a firearm on or near a prohibited premises is a third-degree felony. Appellant attached this printout to his handwritten motion he submitted pro se.

**{¶38}** The problem with appellant's argument that he pled guilty to a first-degree felony by surprise is that it is contradicted numerous times in the record. The indictment states that discharging a firearm on or near a prohibited premises is a first-degree felony. Appellant signed a written waiver of his speedy trial right and the indictment was attached to this waiver. Appellant's written guilty plea also indicates discharging a firearm on or near a prohibited premises is a first-degree felony.

**{¶39}** Additionally, at the change of plea hearing, the prosecutor stated on the record that discharging a firearm on or near a prohibited premises is a first-degree felony. The trial court also advised appellant at the change of plea hearing that his potential sentence for discharging a firearm on or near a prohibited premises was 11 years. This is the maximum sentence for a first-degree felony. R.C. 2929.14(A)(1)(a). Based on the above, the reasons for appellant's motion are insufficient and this factor weighs in the state's favor.

Case No. 19 MA 0042

**{¶40}** Addressing whether appellant was actually innocent or had a complete defense to the charges, at no point did appellant state with any specificity what facts supported a defense or his claim of innocence. As previously stated, there appears to be video which depicts appellant firing a gun outside of a bar. While the video is not part of the current record, two photographs of the video were admitted into evidence by the state at sentencing as Exhibits 3 and 4. Exhibit 3 depicts appellant outside of the bar and near a road at night firing a gun. There is also a caption on Exhibit 3 which reads "First Shot fired by Terrance McKinney."

**{¶41}** Moreover, as previously stated, there also appear to be jailhouse phone calls where appellant admitted responsibility for his actions. While the jailhouse phone calls are not part of the record, the state's post-hearing memorandum quotes numerous passages from these phone calls. The trial court's February 20, 2019 judgment entry also cites numerous passages from these calls. In a phone call appellant made the same day he entered his guilty plea, he stated:

> **Defendant:** "They had me, even without the felonious assault and s* * *. . . They had me dead to rights on weapons under disability. . . I was ready to cop out and they came with the discharge of a firearm. . . I thought that was a felony 3, but it's a felony 1. . . That holds 11 years. . . I would've lost that weapons under disability and discharge of a firearm. . . I would've lost that hands down, because it goes hand in hand. . . I would've lost that because I had a gun and shot a gun. . . That holds 11 itself. . . They dropped the felonious assault knowing that they couldn't prove it. . . They gave me a higher felony cause they knew, and they dropped a gun spec. . . When it's all done, everything ran concurrent or will be. . . when I'm done with my probation violation I'll be done with the gun spec, after 6 mos. I'll be home. . . 2021 I'll be done with probation violation time. . . But I will have to do an additional six months."

**{¶42}** Based on the above, there was evidence that appellant committed the offense and subsequently admitted to committing the offense after pleading guilty. Moreover, appellant did not put forth any specific evidence that he was innocent or had a

defense to discharging a firearm on or near a prohibited premises. Therefore, this factor weighs in the state's favor.

{¶43}   In total, two *Fish* factors, lack of prejudice to the state and timeliness of the motion, weigh in appellant's favor. With only these two factors and the insufficient reasons for appellant's motion, the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.

{¶44}   Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶45}   For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.

D'Apolito, J., concurs.

Case No. 19 MA 0042

---

For the reasons stated in the Opinion herein, the proposed sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**